UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Scarlett Lopez, | ) | C/A No. 6:26-cv-00069-TMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dakota Ramseur, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this civil action against the above-named Defendant. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## **BACKGROUND**

Plaintiff commenced this action by filing a single-page Complaint. ECF No. 1. The Complaint alleges as follows, quoted verbatim:

1. Upon information and belief, Defendant conspired with individuals in 101013/2022 by having ex parte communication,
2. Defendant is in violation of due process,
3. This Court has jurisdiction under federal law.
4. Plaintiff demands jury on all issues with compensation not lower than $500,000.

VERIFICATION

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she had read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. §1746, 18 U.S.C. §1621.

1

ECF No. 1 (errors in original).

The Court takes judicial notice that this same exact Complaint has also been filed in at least fourteen other district courts around the country as of the date of this Report and Recommendation.[1] *See Lopez v. Ramseur*, No. 3:26-cv-03002 (Illinois Central District Court) (filed Jan. 7, 2026); *Lopez v. Ramseur*, No. 2:26-cv-00003 (Indiana Northern District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 5:26-cv-00002 (Kentucky Western District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 3:26-cv-00051 (Louisianna Western District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 1:26-cv-00008 (Missouri Eastern District Court) (filed Jan. 5, 2026); *Lopez v. Ramseur*, No. 1:26-cv-00005 (North Carolina Western District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 1:26-cv-00005 (North Dakota District Court) (filed Jan. 7, 2026); *Lopez v. Ramseur*, No. 1:26-cv-00007 (Tennessee Eastern District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 4:26-cv-00022 (Texas Eastern District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 4:26-cv-00012 (Texas Northern District Court) (filed Jan. 7, 2026); *Lopez v. Ramseur*, No. 6:26-cv-00001 (Texas Southern District Court) (filed Jan. 6, 2026); *Lopez v. Ramseur*, No. 2:26-cv-00006 (Virginia Eastern District Court) (filed Jan. 5, 2026); *Lopez v. Ramseur*, No. 2:26-cv-00054 (California Eastern District Court) (filed Jan. 8, 2026); *Lopez v. Ramseur*, No. 2:26-cv-00008 (Michigan Western District Court) (filed Jan. 9, 2026).

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

## **STANDARD OF REVIEW**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

(explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Further, this Court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915.  *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

# ANALYSIS

This action is subject to summary dismissal because Plaintiff has failed to alleged facts showing this Court has subject matter jurisdiction over the claims or personal jurisdiction over the parties and failed to state a claim for relief that is plausible. Liberally construed, the Complaint fails to assert any cognizable, nonfrivolous federal claim over which this Court may exercise jurisdiction or otherwise establish that venue in this District is proper. Further, the Court finds this action is frivolous and duplicative of the other actions Plaintiff has filed in other district courts. These issues are addressed in turn below.

**The Court Lacks Jurisdiction**

*Subject Matter Jurisdiction*

Plaintiff has failed to allege facts showing this Court has subject matter jurisdiction over any claims she intends to assert. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

Federal district courts have original jurisdiction over two types of cases: (1) federal question cases and (2) diversity cases. 28 U.S.C. §§ 1331, 1332. For the reasons below, Plaintiff's Complaint fails to establish that this Court has jurisdiction over her claims under either federal question or diversity jurisdiction.

### *Federal Question Jurisdiction*

Plaintiff alleges, without explanation, that this Court has jurisdiction under federal law. ECF No. 1 at 1. However, Plaintiff does not identify any federal statute giving rise to the claim.

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether the claims in a case "arise under" the laws of the United States, courts apply the "well-pleaded complaint rule," which focuses on the allegations of the complaint. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

The only possible allegation that could give rise to a federal question claim in the Complaint is Plaintiff's naked assertion that "Defendant is in violation of due process." ECF No. 1 at 1.[2] However, Plaintiff presents no allegations to support such an assertion. Plaintiff does not allege that Defendant was a state actor such that a due process violation would even be cognizable under 42 U.S.C. § 1983. Plaintiff does not identify any other federal statute or constitutional provision giving rise to any cognizable claims such that this Court could have federal question

---

[2] Plaintiff also cites to two federal statutes: (1) 28 U.S.C. §1746 and (2) 18 U.S.C. §1621. However, these statutes, which relate to the use of an unsworn declaration and perjury, refer to the verification of the Complaint, not any substantive allegations.

jurisdiction.  In sum, Plaintiff's Complaint is devoid of sufficient factual allegations to establish a claim over which this Court could exercise federal question jurisdiction.

### *Diversity Jurisdiction*

The Complaint also fails to allege sufficient facts to establish diversity jurisdiction.  Even if Plaintiff's Complaint could be liberally construed as asserting jurisdiction under 28 U.S.C. § 1332 regarding any state law claims, this assertion would fail.  The diversity statute imposes two requirements—complete diversity between the parties and an amount in controversy in excess of $75,000.00.  *See* 28 U.S.C. § 1332(a); *Anderson v. Caldwell*, C/A No. 3:10-cv-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *R&R adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010).  Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978).

Plaintiff has not alleged facts showing that complete diversity is present.  Plaintiff does not state in the Complaint where she resides.[3]  Also, the Complaint does not provide any indication as to where Defendant resides nor any other information regarding Defendant.  Thus, Plaintiff has failed to allege facts to demonstrate that this Court has diversity jurisdiction over any claim asserted in the Complaint.

### *Personal Jurisdiction*

Even if the Court had subject matter jurisdiction over Plaintiff's claims, to the extent the Complaint could be liberally construed as even asserting any plausible claims, the Complaint lacks

---

[3] Plaintiff may be a resident of Arkansas based on the return address on the envelope in which the Complaint arrived.

sufficient allegations to demonstrate that the Court has personal jurisdiction over Defendant. As noted, the Complaint does not contain any allegations concerning Defendant to show where Defendant resides or his or her contact with or conduct within the State of South Carolina.

A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A); *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). "For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied." *Bradley v. General Couns.*, C/A No. 3:07-cv-112, 2008 WL 713921, at *5 (N.D. W. Va. Mar. 14, 2008), *aff'd*, 280 F. App'x 251 (4th Cir. 2008). "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). "South Carolina's long-arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause." *ESAB Grp.*, 126 F.3d at 623. Therefore, the appropriate question for a court considering a personal jurisdiction defect for an out-of-state defendant is whether that defendant has "minimum contacts with [South Carolina] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (stating that the exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum state, such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice.")); *see Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015) ("Because the South Carolina long-arm statute is coextensive with the Due Process Clause, the sole question on a motion to dismiss for lack of personal jurisdiction is whether the exercise of personal jurisdiction would violate due

process.") (citing *Tuttle Dozer Works, Inc. v. Gyro–Trac (USA), Inc.*, 463 F. Supp. 2d 544, 547 (D.S.C. 2006) and *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 611 S.E.2d 505, 508 (2005)).

Personal jurisdiction may arise generally or specifically based on the conduct alleged in the suit. *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002). Under general jurisdiction, a defendant's contacts or activities in the forum state are not the basis for the suit, but the defendant may be sued in this Court "for any reason, regardless of where the relevant conduct occurred," because the defendant's activities in South Carolina are "continuous and systematic." *CFA Inst.*, 551 F.3d at 292 n.15. These activities must be "so substantial and of such a nature as to justify suit against [a defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. Here, Plaintiff does not allege general jurisdiction over Defendant pursuant to S.C. Code Ann. § 36-2-802, nor does the Complaint allege facts to demonstrate that the Court has general jurisdiction over Defendant.

Under specific jurisdiction, a defendant may be sued in this Court if the litigation results from alleged injuries that arose out of or is related to the defendant's contacts with South Carolina, and those contacts were sufficient. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). To determine whether specific jurisdiction exists, courts employ a "minimum contacts" analysis that examines "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc.*, 293 F.3d at 712. Here, Plaintiff does not allege specific jurisdiction over Defendant pursuant to Rule 4(k)(1) and S.C.

9

Code Ann. § 36-2-803(1), nor does the Complaint allege facts to demonstrate that the Court has specific jurisdiction over Defendant.

The Complaint presents only cursory allegations against Defendant. However, those allegations fail to establish that Defendant's conduct giving rise to Plaintiff's claim occurred in South Carolina. The Complaint contains no allegations showing Defendant purposefully availed himself of the privilege of conducting any activities in South Carolina. Accordingly, the Court appears to lack personal jurisdiction over Defendant.

**This District is not the Proper Venue**

The Court also finds that this Court may not be the proper venue for any claims Plaintiff might be able to assert. Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district in which any defendant resides when all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action.

"[T]he court has the power to consider *sua sponte* whether venue is proper" pursuant to its inherent power "to control and protect the administration of court proceedings." *Jennings v. Adams*, C/A No. 2:20-cv-00780, 2020 WL 7763339, at *1 (S.D.W. Va. Dec. 4, 2020), *R&R adopted by* 2020 WL 7753103 (S.D.W. Va. Dec. 29, 2020). It is appropriate for a district court to dismiss, rather than transfer, an action based upon a finding of improper venue when a plaintiff has "committed an obvious error in filing his action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).

The Court questions whether South Carolina is the proper district under the terms of the venue statute. There is nothing in the pleadings to indicate that either party is located in South Carolina, that some or all of the events giving rise to Plaintiff's claim occurred in South Carolina, or there is no other district in which this action may otherwise be brought. Thus, the Complaint fails to allege facts showing that venue is proper in this District. By initiating this action in a judicial district where venue plainly does not lie, Plaintiff "committed an obvious error in filing his action in the wrong court, and thereby imposed substantial unnecessary costs on . . . the judicial system." *Nichols*, 991 F.2d at 1201.

**The Complaint Fails to State a Claim**

The Complaint consists of conclusory allegations that Plaintiff was denied due process as a result of Defendant's *ex parte* communication with unnamed others in 01013/2022.[4] However, the Complaint says nothing about the substance, form, or context of this alleged communication much less when, where, or to whom it was made or how Plaintiff was affected by it. The Complaint is also devoid of citation or reference to any statute from which the Court could glean the basis for any claim. Thus, the Complaint fails to plead sufficient factual matter to state a cognizable claim under either federal or state law.

Dismissal is therefore proper because Plaintiff's Complaint characteristically "fails to include sufficient factual matter to state any plausible claim against any Defendant." *Emrit v. Trump*, C/A No. 1:19-cv-18, 2019 WL 140107, at *4 (S.D. Ohio Jan. 9, 2019), *R&R adopted by* 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). Congress authorized the *sua sponte* dismissal of

---

[4] It is not clear whether "101013/2022" was intended to reflect a specific date, time, case number, or something else.

complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* complaints are generally held to less stringent standards than those drafted by attorneys, and must be liberally construed in favor of the plaintiff, a complaint must nonetheless "give [a] defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

This standard requires a complaint to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 555); *see also Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (applying *Iqbal* and *Twombly* pleading standard to initial screening of a complaint pursuant to 28 U.S.C. § 1915(e)); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (explaining that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)). Under this standard, the Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Nor is it sufficient for a complaint to offer mere "labels and conclusions," "naked assertion[s]" devoid of "further factual enhancement," or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678.

Here, "[e]ven construing [the] pleading liberally, [Plaintiff's] claims lack merit in either fact or law." *Emrit v. Sec'y, United States Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020). Plaintiff does not allege any facts regarding Defendant's alleged conduct beyond asserting Defendant engaged in ex parte communication and violated due process. These vague allegations make up the very "labels and conclusions," "naked assertion[s]" devoid of "further factual enhancement," and "unadorned, the-defendant-unlawfully-harmed-me accusation" prohibited by

*Twombly*, 550 U.S. at 557, and *Iqbal*, 556 U.S. at 678. It is axiomatic that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. Here, however, even assuming that all of these allegations are true, the Complaint falls far short of showing that Plaintiff is entitled to relief. The Complaint should therefore be dismissed for failing to state a claim for relief that is plausible.

**The Case is Frivolous and Duplicative**

As noted, the allegations in the Complaint are wholly inadequate to establish a claim that is plausible or to show that the Court has jurisdiction or that this District is the proper venue. The brevity of Plaintiff's perfunctory Complaint renders it frivolous. Moreover, the Court concludes that Plaintiff's filing of this same Complaint in numerous district courts around the country is a malicious attempt to abuse the process. *See Emrit v. Cent. Intel. Agency*, C/A No. 3:22-cv-35, 2022 WL 1575999, at *10 (N.D.W. Va. Apr. 1, 2022) ("The frivolousness of this action is further compounded by the fact that it is knowingly duplicative of actions Plaintiff filed in neighboring district courts."), *R&R adopted by* 2022 WL 1573175 (N.D.W. Va. May 18, 2022). "Plaintiff's attempt to litigate the same claims against [the same Defendant] in multiple cases in multiple jurisdictions at the same time is a gross abuse of the judicial process." *Franklin v. Desantis*, C/A No. 4:22-cv-00388-AW-MAF, 2022 WL 17670473, at *5 (N.D. Fla. Nov. 14, 2022), *R&R adopted by* 2022 WL 17669720 (N.D. Fla. Dec. 14, 2022). Courts have noted that such "bad-fath conduct" of filing the same frivolous complaint in multiple district courts at the same time "impose[s] substantial, unnecessary costs on the judicial system, and waste[s] judicial resources." *Emrit*, 2022 WL 1575999, at *11.

When a litigant proceeds *in forma pauperis*, such as in the present action, the Court must dismiss the Complaint if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous or malicious if it duplicates other federal lawsuits and may be dismissed on that basis alone. *See, e.g.*, *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *Sifford v. Drew*, C/A No. 8:17-cv-3210-RMG-JDA 2018 WL 1155985, *3 (D.S.C. February 7, 2018) ("The Fourth Circuit Court of Appeals has repeatedly held that 'district courts are not required to entertain duplicative or redundant lawsuits.'" (citation omitted)); *Paul v. de Holczer*, C/A No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at *6 (D.S.C. July 28, 2015) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous or malicious . . . in the interest of judicial economy and efficiency."), *aff'd*, 631 F. App'x 197 (4th Cir. 2016).

"It is undisputed that it is within a district court's power to stay or dismiss a suit that is duplicative of another federal court suit." *Chihota v. Fulton, Friedman & Gullace, LLP*, C/A No. WDQ-12-0975, 2012 WL 6086860, at *2 (D. Md. Dec. 5, 2012) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F.Supp.2d 621, 626 (D. Md. 2006), *aff'd in relevant part*, 273 F. App'x 256, 264–66 (4th Cir. 2008)); *see also Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207, n.6 (4th Cir. 2006) (noting same). "As between two federal district courts, the general rule is that duplicative litigation should be avoided." *Great Am. Ins. Co.*, 468 F.3d at 206 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting same)).

14

Because Plaintiff has filed her Complaint in at least fourteen other district courts prior to filing her Complaint in this Court, the undersigned concludes that this action should be dismissed as duplicative of those other prior-filed actions. "Dismissal of a duplicative lawsuit 'foster[s] judicial economy' and the 'comprehensive disposition of litigation.'" *Chihota*, 2012 WL 6086860, at *2 (quoting *Curtis*, 226 F.3d at 138). The present action in this Court plainly constitutes a duplicate of Plaintiff's other pending federal court actions and should be dismissed on that basis. *See Neville v. McCaghren*, C/A No. 1:20-cv-00020-MR-WCM, 2020 WL 1042240, at *2 (W.D.N.C. Mar. 2, 2020) (dismissing complaint as frivolous and malicious as it had been previously filed in numerous other district courts).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. § 1915, without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

January 12, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).